Eugene J. Phillips v. Commissioner.
Phillips v. Commissioner
Docket No. 6798.
United States Tax Court
1946 Tax Ct. Memo LEXIS 21; 5 T.C.M. (CCH) 1025; T.C.M. (RIA) 46279; December 5, 1946
Eugene J. Phillips, pro se. Arnold R. Cutler, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: By this proceeding petitioner challenges respondent's refusal to afford him the benefits under Internal Revenue Code, section 107. A redetermination of a resulting deficiency in income tax for 1941 in the amount of $1,274.74 is sought. At the hearing the parties orally stipulated certain facts and later filed a "supplementary stipulation of facts." Findings of Fact The facts so stipulated are hereby found accordingly. Petitioner is an attorney at law in Providence, Rhode Island, and filed his income tax return for the year in question with the collector of internal revenue for the district of Rhode Island. On January 15, 1935, petitioner joined *22 the law firm of Swan, Keeney & Smith. Petitioner's arrangement with Swan, Keeney & Smith was oral. It called for a regular specified drawing account and contemplated that additional payments should be made should the business warrant it. At this time there was pending in the office of Swan, Keeney & Smith the matter of the City of Newport taking over the Newport Water Works by condemnation proceedings. The firm had theretofore performed services relating to this matter, starting on April 20, 1934. The firm had rendered legal services to the Newport Water Works as early as 1929. According to its books, from 1935 through 1941, the firm received from the Newport Water Works the following: 1935
Mar. 13
Miscellaneous matters, including all services to date except in connection with
condemnation and negotiations for sale of properties $125
Sept. 21
Miscellaneous matters and including all services to date except in connection
with sale or condemnation of property of company
125
1936
Disbursements only
1937
1938
1939
1940
1941
Apr. 28
Services re condemnation, etc.
99,695.28
Petitioner's first actual services were performed on December 5, 1935. He *23 conducted the trial of the condemnation proceeding on behalf of the Water Works, which consumed approximately 116 trial days. The award was made by the Commission on March 26, 1940, in an amount of $3,100,000. The best offer which the City of Newport had theretofore made to the Water Works had been $1,700,000. Thereafter a dispute arose as to the fee for Swan, Keeney & Smith, and the firm placed a lien on the funds in the hands of the City of Newport available for payment of the award. Petitioner successfully resisted legal proceedings seeking to release the lien. Petitioner also tried the matter of establishing the reasonable amount of the fee in a suit brought in the name of all the lawyers, including himself. The trial took place in the Superior Court in April, 1941. The firm was allowed a $100,000 fee. Petitioner personally procured the discharge of the lien the latter part of April, 1941. The fee was paid at that time. During 1941, petitioner received from the firm a total of $15,000. Of this amount he reported $10,000 as salary and other compensation for personal services, and reported the $5,000 difference as his share in the fee from the Water Works case for work done "between *24 Jan. 1936 and before end of 1940." He submitted his 1941 return on the basis of being entitled to the benefits of Internal Revenue Code, section 107. The partnership income tax return of Swan, Keeney & Smith for 1935 lists only three members as partners in the firm, being those whose names appear in the firm name. The partnership returns for 1936 to 1941, inclusive, list this petitioner in the schedule captioned "Partners' or Members' Shares of Income and Credits." During the years 1935 to 1941, inclusive, the books of the partnership designate payments made to petitioner as "salary." Social security payments were made for the first time by the firm under the Federal Social Security law in January, 1937. The firm records disclose no Social Security payments made on behalf of petitioner, and no deductions were made from his income during the period commencing January, 1937. M. Swan and D. M. Swan were admitted to the partnership on June 1, 1939, after petitioner was consulted about taking them in. During the years 1935 to 1941, inclusive, petitioner reported the amounts he received from the firm as "Salaries and other compensation for personal services. *25 " In each of these returns no amount was reported as "Income * * * from partnerships; * * *," nor is reference made to any partnership income or affiliation. The distributions of income, according to the returns of the partnership for the years 1936 through 1941, inclusive, disclose that petitioner and six others connected with the partnership (including M. and D. M. Swan) received substantially consistent sums in round numbers, whereas, Swan, Keeney & Smith received varying amounts in odd dollars and cents figures. An exception to the foregoing in the case of Smith appears for 1939, 1940, and 1941. Respondent's notice of deficiency denied petitioner the use of section 107, stating that the facts did not show that he was entitled to claim its benefits. Opinion Although this proceeding is presented as if the decisive question were the existence of a partnership arrangement between petitioner and his associates in the practice of law, the record seems to us to make this question comparatively unimportant. In order to determine whether the additional payment of $5,000 made to petitioner in the tax year before us was compensation for services rendered over a period of five years *26 or more within the meaning [1] of Internal Revenue Code, section 107, the basic problem seems to us to be whether that sum if segregable as a portion of the fee in the Water Works case received as such by petitioner, and the only portion, or at least 75 percent of all, that he ever received. It is true that if petitioner was an employee over the years during which the services in question were performed, and received a fixed salary for all his work in that capacity, there would be no way of concluding that the $5,000 was 75 percent of the total compensation *27 received by him for such services, as the statute requires; at least in the absence of information, as to which the record is silent, justifying the allocation of a sufficiently small amount of his compensation in the earlier years to the work performed by him on that case. On the other hand, even though petitioner were a mere employee, his arrangement might have been one of a profit-sharing nature from which it could be deduced that, since no part of any fee had been previously collected for the specified services, what he received in the tax year was his entire compensation for those services, thereby demonstrating that at least 75 percent was received in the single year before us. But precisely the same conclusion would follow if the petitioner were a partner. That is, it is the participation in profits, as such, whether as partner or employee, which seems to us to be the decisive element permitting us to discover whether the payment he received was at least three-fourths of the total amount of all his receipts from his work on the case in question. So stated, there appears to be no basis for granting the relief which petitioner claims. Whether or not he was a partner, the practice *28 with respect to his compensation appears to have been uniform and consistent and resulted in payments to him of a specific and roughly equal amount each year. [2] There is nothing to indicate that the additional sum received by him and to which this controversy relates was the consequence of any agreement to distribute to him a part of the fee in the Water Works case, rather than a mere bonus of which the funds received from the Water Works company were the source. But what is of even greater significance, there is no evidence from which we can elicit even a suggestion as to whether payments to him in prior years included some element based upon the anticipation of his partners (or employers) that a fee in the Water Works case would ultimately be received. It is consequently impossible to find that this earlier compensation did not include more than the permissible 25 percent of the total paid to him for his work in that case. Such a finding is a prerequisite to a determination in his favor. *29 In that view, it becomes unnecessary to consider whether the services rendered by petitioner covered the requisite five-year period. Even if they did, the failure to fulfill the requirement of the statute governing the proportion of the payment received in one year would still require rejection of petitioner's claim. Decision will be entered for the respondent. Footnotes
1. "(a) Personal Services. - If at least 75 per centum of the total compensation for personal services covering a period of sixty calendar months or more (from the beginning to the completion of such services) is received or accrued in one taxable year by an individual or a partnership, the tax attributable to any part thereof which is included in the gross income of any individual shall not be greater than the aggregate of the taxes attributable to such part had it been included in the gross income of such individual ratably over that part of the period which precedes the date of such receipt or accrual."↩
2. An annual guarantee, rather than a fixed percentage of net profits, is a frequent arrangement for junior partners in law firms. Petitioner himself refers to a "drawing account" but we are unable to reconcile his description of the percentage of profits assigned to him with the record of actual payments.↩